COPY

LAW OFFICES OF GEORGE A. GALLEGOS
GEORGE A. GALLEGOS (CA Bar No. 206606)
    info@gallegoslawfirm.com
328 S. Atlantic Blvd., Suite 100
Monterey Park, California 91754
Telephone: (626) 576-8988
Facsimile: (626) 576-7070

Attorneys for Plaintiff
La Casita Mexicana, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LA CASITA MEXICANA, INC., a business entity,<br><br>          Plaintiff,<br><br>vs.<br><br>NEREIDA MENDOZA, individually and d/b/a LA CASITA MEXICANA, and DOES 1-10, inclusive,<br><br>          Defendants. | No. CV08-05286 ODW (CTx)<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT;**<br>(2) **FALSE DESIGNATION OF ORIGIN;**<br>(3) **FEDERAL DILUTION**<br>(4) **UNFAIR COMPETITION;**<br>(5) **INJURY TO BUSINESS REPUTATION;**<br><br>**DEMAND FOR JURY TRIAL** |

LAW OFFICES OF
GEORGE A.
GALLEGOS

Plaintiff La Casita Mexicana, Inc. ("La Casita Mexicana" or "Plaintiff") for its Complaint against defendant Nereida Mendoza, individually and d/b/a La Casita Mexicana ("Mendoza" or "Defendant") alleges as follows:

## NATURE OF THE CASE

1.    This action arises from Defendant Mendoza's misappropriation and continual infringement of Plaintiff's trademark name "La Casita Mexicana", to promote and operate her restaurant services located in Whittier, California.

2.    Plaintiff La Casita Mexicana is a nationally recognized restaurant located at 4030 E. Gage Avenue, Bell, California 90201.

3.    La Casita Mexicana has operated since 1999 and has achieved enormous success for the quality of its food and service. La Casita Mexicana was selected as one of the best Mexican restaurants in Los Angeles by both America Online, Inc. and the Los Angeles Times in 2003 and in 2004. In 2007, La Casita Mexicana was named one of the 99 essential restaurants in Los Angeles by Pulitzer Prize winner and food critic, Jonathan Gold. Among those who have enjoyed La Casita Mexicana's exceptional banquet service are the City of Los Angeles, Mayor Antonio Villaraigosa, the General Consulate of Mexico in Los Angeles, the Museum of Latin American Art and Univision Network.

4.    The owners and chefs of La Casita Mexicana, Jaime Martin del Campo and Ramiro Arvizu are regular hosts of various segments in local, national and international television programs, such as Univision's "Primera Edicion", "Aquí y Ahora" and "Sabado Gigante," KMEX's 6:00pm news cast cooking segment, "Los Secretos del Chef", as well as "Despierta America", the highest rated Spanish morning show in the United States. La Casita Mexicana's chefs have also appeared on Discovery Channel's "Relatos Con Sabor," Telemundo 52, "E" Entertainment Channel, Azteca America, KWHY Channel 22 and KRCA Channel 62.

5.     On November 28, 2006, Plaintiff registered the La Casita Mexicana Trademark with the United States Patent and Trademark Office and obtained a Certificate of Registration and Trademark Number 3,176,886 for its mark. Pursuant to this Certificate of Registration, Plaintiff owns the exclusive rights to use the mark for restaurant and catering services.

6.     Plaintiff has expended large sums of money, resources and time to establish the valuable business and goodwill in the use of its trademark. As a result of the success of La Casita Mexicana restaurant, Plaintiff's customers and the public have come to identify La Casita Mexicana with Plaintiff's excellent food and service.

7.     Unbeknownst to Plaintiff, in 2007, Defendant improperly began using Plaintiff's La Casita Mexicana Trademark by operating a restaurant under the same name "La Casita Mexicana," in the city of Whittier, in the same manner that Plaintiff had done for nearly ten years. As a result of Defendant's use of the trademark, Plaintiff has received weekly calls from potential customers inquiring whether La Casita Mexicana has a Whittier location. Plaintiff continues to receive such inquiries on a weekly basis.

8.     After becoming aware of Defendant's infringement of Plaintiff's La Casita Mexicana Trademark name and the actual confusion that has resulted from Defendant's use of such trademark, Plaintiff, through its counsel, informed Defendant on May 7, 2008, that Plaintiff owns the exclusive right to use the trademark for restaurant and catering services pursuant to Plaintiff's Certificate of Registration obtained on November 28, 2006, with the United States Patent and Trademark Office, as well as common law trademark and demanded that Defendant cease all use of the La Casita Mexicana name. Defendant refused to comply with Plaintiff's request and continues to infringe on Plaintiff's intellectual property rights in the La Casita Mexicana Trademark. Therefore, Plaintiff brings the present action

1    seeking permanent injunctive relief, damages, Defendant's profits, treble damages,

2    attorneys' fees and costs against Defendant.

3

4                                          **PARTIES**

5        9.    La Casita Mexicana, Inc. is a California corporation that has, at all

6    times material herein, been doing business in this district.  La Casita Mexicana is a

7    well-recognized restaurant located at 4030 E. Gage Avenue, Bell, California 90201.

8    La Casita Mexicana has operated since 1999 and has achieved enormous success

9    for the quality of its food and service.  Plaintiff invested significant time and money

10   to develop the La Casita Mexicana Trademark and as a result, attained a significant

11   amount of goodwill in this trademark.  Since its creation in 1999, the La Casita

12   Mexicana Trademark has been a trademark of Plaintiff and continues to be used by

13   Plaintiff to operate its restaurant.

14       10.    Plaintiff is informed and believes, and on that basis alleges, that

15   Defendant Mendoza is an individual who has, at all times material herein, been

16   doing business as La Casita Mexicana restaurant in Whittier, California.  Plaintiff is

17   informed and believes, and on that basis alleges, that Defendant Mendoza has

18   misappropriated and infringed on Plaintiff's La Casita Mexicana Trademark by

19   operating a restaurant under the same name, La Casita Mexicana in Whittier,

20   California.

21       11.    Plaintiff does not know the true names and capacities of Defendants

22   sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by

23   such fictitious names.  Plaintiff will amend this Complaint to allege the true names

24   and capacities of Does 1 through 50, inclusive, when ascertained.  Upon

25   information and belief, Plaintiff alleges that each of the fictitiously named

26   Defendants is in some manner responsible or liable to Plaintiff for the events and

27   happening referred to herein, and that each such fictitiously named Defendant

28   caused injury and damage to Plaintiff as alleged in this Complaint.

12.    Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein Defendants, and each of them, were and are agents, partners, employees, subsidiaries, parents, affiliates, sureties or alter egos of one another and in doing the things alleged in this Complaint were acting within the course and scope of such position and with the knowledge and consent of each other.

## JURISDICTION AND VENUE

13.    This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

14.    Venue in this Court is proper under 28 U.S.C. § 1391 because Defendant does business in this district and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## GENERAL ALLEGATIONS

A.    **Plaintiff La Casita Mexicana, Inc. and The La Casita Mexicana Trademark**

15.    La Casita Mexicana has operated since 1999 and has achieved enormous success for the quality of its food and service.  La Casita Mexicana was selected as one of the best Mexican restaurants in Los Angeles by both America Online, Inc. and the Los Angeles Times in 2003 and in 2004.  In 2007, La Casita Mexicana was named one of the 99 essential restaurants in Los Angeles by Pulitzer Prize winner and food critic, Jonathan Gold.  Among those who have enjoyed La

1  Casita Mexicana's exceptional banquet service are the City of Los Angeles, Mayor
2  Antonio Villaraigosa, the General Consulate of Mexico in Los Angeles, the
3  Museum of Latin American Art and Univision Network.

4       16.     The owners and chefs of La Casita Mexicana, Jaime Martin del
5  Campo and Ramiro Arvizu are regular hosts of various segments in local, national
6  and international television programs, such as Univision's "Primera Edicion",
7  "Aquí y Ahora" and "Sabado Gigante," KMEX's 6:00pm news cast cooking
8  segment, "Los Secretos del Chef", as well as "Despierta America", the highest rated
9  Spanish morning show in the United States.  La Casita Mexicana's chefs have also
10  appeared on Discovery Channel's "Relatos Con Sabor," Telemundo 52, "E"
11  Entertainment Channel, Azteca America, KWHY Channel 22 and KRCA Channel
12  62.

13       17.     Plaintiff has expended large sums of money, resources and time to
14  establish the valuable business and goodwill in the use of its trademark.  As a result
15  of the success of La Casita Mexicana restaurant, Plaintiff's customers and the
16  public have come to identify La Casita Mexicana with Plaintiff's excellent food and
17  service.

18       18.     Plaintiff is known to the public through the La Casita Mexicana
19  Trademark, not only as a result of Plaintiff's use and promotion of the mark, but
20  also as a result of receiving substantial media attention.  For example, La Casita
21  Mexicana and its owners have been featured in the following publications, among
22  others: *The Los Angeles Times, LA Weekly,* and *La Opinion.*

23       19.     As a result of Plaintiff's use and promotion of the La Casita Mexicana
24  Trademark, the quality of the food and service offered under the La Casita
25  Mexicana Trademark and media recognition of the La Casita Mexicana Trademark,
26  the La Casita Mexicana Trademark is well-known to those in the food and
27  restaurant industries.

28

LAW OFFICES OF
GEORGE A.
GALLEGOS

6

1     20.    The La Casita Mexicana Trademark enjoys significant goodwill

2    throughout the general public.

3     21.    On November 28, 2006, Plaintiff registered the La Casita Mexicana

4    Trademark with the United States Patent and Trademark Office and obtained a

5    Certificate of Registration and Trademark Number 3,176,886 for its mark.

6    Pursuant to this Certificate of Registration, and by virtue of Plaintiff's use of the La

7    Casita Mexicana Trademark, Plaintiff is the owner of the Trademark, enjoys the

8    exclusive right to use the trademark for restaurant and catering services, and has the

9    right to bar the use of confusingly similar marks for the same or related goods and

10    services as those Plaintiff offers under its mark.

11

12    **B.**    **Defendant and Her Infringement and Misappropriation of The La**

13        **Casita Mexicana Trademark**

14

15     22.    Upon information and belief, in 2007, Defendant Mendoza began to

16    use the La Casita Mexicana Trademark after Plaintiff became known by that

17    trademark.  Defendant has misappropriated Plaintiff's trademark by operating a

18    restaurant under the La Casita Mexicana name, in the same manner that Plaintiff

19    had done for years, including by not limited using signs, flyers phone listings and

20    menus bearing the trademark name La Casita Mexicana.  Soon thereafter, Plaintiff

21    began receiving weekly calls from potential customers inquiring about La Casita

22    Mexicana's Whittier location.  Plaintiff continues to receive such inquiries on a

23    weekly basis.

24     23.    Upon information and belief, Defendant has used and continues to use,

25    the La Casita Mexicana Trademark, which is Plaintiff's trademark, in an attempt to

26    associate this mark with itself and unlawfully reap the benefits of Plaintiff's hard

27    work and goodwill.  Defendant, through its advertisements and marketing, has used

28    the La Casita Mexicana Trademark to operate Defendant's restaurant and to

1    promote and associate the La Casita Mexicana Trademark with Defendant's goods

2    and services. Despite the fact that Plaintiff's counsel notified Defendant of its

3    infringement of the La Casita Mexicana Trademark and the confusion that resulted,

4    Defendant refused to change the name of its restaurant and continues to use the

5    mark.

6

7    **C.    Defendant's Unlawful Conduct**

8

9          24.    Plaintiff became aware of Defendant's infringement and

10   misappropriation of its trademark by receiving numerous calls on a weekly basis

11   from potential customers asking about La Casita Mexicana's Whittier location.

12   Thereafter, Plaintiff, through its counsel, sent a letter to Defendant demanding that

13   Defendant cease all use of the La Casita Mexicana Trademark for Defendant's

14   restaurant and services. In the letter, Plaintiff informed Defendant that Plaintiff

15   owns the exclusive right to use the trademark for restaurant and catering services,

16   pursuant to common law trademark, as well as Plaintiff's Certificate of Registration

17   for the name, La Casita Mexicana, obtained on November 28, 2006, with the United

18   States Patent and Trademark Office.

19         25.    Defendant refused to comply with Plaintiff's demands. Since that

20   time, Defendant continues to infringe Plaintiff's intellectual property rights by using

21   the La Casita Mexicana Trademark as the name of her restaurant and the actual

22   confusion between the parties continues to be experienced by Plaintiff.

23

24   **D.    Actual Confusion Between Defendant and Plaintiff**

25

26         26.    As a result of Defendant's use of the La Casita Mexicana Trademark

27   for restaurant services identical to those offered by Plaintiff, Plaintiff has

28   experienced repeated and continuous instances of actual confusion.

27.     Plaintiff has received numerous telephone calls from members of the public on a weekly basis who have confused Defendant's La Casita Mexicana restaurant in Whittier with Plaintiff's restaurant.  Such individuals are under the false impression that Defendant's restaurant in Whittier is affiliated with or related to Plaintiff's restaurant.

## E.     Irreparable Harm To Plaintiff

28.     Before Defendant began using the La Casita Mexicana Trademark, Plaintiff established a large and valuable business and goodwill associated with the trademark.  Plaintiff has expended large sums of money and effort to develop this distinctive mark for its food and services.

29.     As a result of the strength of the La Casita Mexicana Trademark, and as a result of Plaintiff's success in the restaurant industry, Plaintiff's customers, the food and restaurant industries, and the public have come to identify the La Casita Mexicana Trademark with Plaintiff.  To Plaintiff's customers and potential customers, those in the food and restaurant industries, and the public, the La Casita Mexicana Trademark indicates that Plaintiff is the source of origin of all goods and services offered under the La Casita Mexicana Trademark.

30.     Defendant's use in commerce of the La Casita Mexicana Trademark for restaurant services has caused, and is likely to continue to cause, confusion, deception, and mistake in the minds of the public with respect to the source and origin of Defendant's goods and services, in that the public and those in the food and restaurant industries will believe that Plaintiff is the source of origin of such goods and services, is affiliated with Defendant and/or Defendant's services, or has sponsored, approved, or licensed Defendant's use of the La Casita Mexicana Trademark and/or Defendant's services offered under such marks.  The respective marks used by the parties are identical and/or confusingly similar and have caused,

1   and are likely to continue to cause, confusion amongst potential customers of the

2   parties' restaurant services.

3        31.   Plaintiff is informed and believes that Defendant intentionally and

4   willfully misappropriated the La Casita Mexicana Trademark in order to trade upon

5   the goodwill that Plaintiff has developed in its La Casita Mexicana Trademark, and

6   to lead customers to believe that either Defendant is the source of the origin or

7   Plaintiff is the source of origin of Defendant's restaurant services, is affiliated with

8   Defendant and/or Defendant's food and service, or has approved, licensed, or

9   sponsored Defendant's use of the La Casita Mexicana Trademark, when in fact

10  Defendant's food and services do not originate with Plaintiff, are not affiliated with

11  Plaintiff, and are not approved, licensed, or sponsored by Plaintiff, and Defendant's

12  use of the La Casita Mexicana Trademark has not been approved or authorized by

13  Plaintiff.

14       32.   At the very least, Defendant has been aware of Plaintiff and its prior

15  rights in and to the La Casita Mexicana Trademark since at least May 2008.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Against Defendant)

18       33.   Plaintiff hereby incorporates by reference the statements and

19  allegations contained in paragraphs 1-32 as if fully stated herein.

20       34.   Defendant's use in commerce of the La Casita Mexicana Trademark

21  has caused, and is likely to continue to cause, confusion with respect to the source

22  and origin of Defendant's goods and services, and has caused and is likely to

23  continue to cause, confusion or mistake and to deceive consumers as to the

24  affiliation, connection, or association of Plaintiff with Defendant.

25       35.   On information and belief, at the time Defendant began using the La

26  Casita Mexicana Trademark, Defendant knew of Plaintiff's prior adoption,

27  ownership, and widespread use of the La Casita Mexicana Trademark, and knew of

28  the valuable goodwill and reputation acquired by Plaintiff in its La Casita Mexicana

1   Trademark.  Upon receiving the demand letter from Plaintiff's counsel, Defendant

2   at a minimum became aware of Plaintiff's well-established rights in the La Casita

3   Mexicana Trademark on May 7, 2008.

4       36.    On November 28, 2006, Plaintiff registered the La Casita Mexicana

5   Trademark with the United States Patent and Trademark Office and obtained a

6   Certificate of Registration.  Pursuant to this Certificate of Registration, Plaintiff

7   owns the exclusive rights to use the mark for restaurant and catering services.

8       37.    Defendant's acts constitute infringement of the La Casita Mexicana

9   Trademark in violation of Plaintiff's rights under the Lanham Act, and in violation

10   of common law.

11       38.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff

12   has suffered and continues to suffer damage to its business reputation and goodwill.

13   Defendant will continue, unless restrained, to use the La Casita Mexicana

14   Trademark or designs or marks confusingly similar thereto, and will cause

15   irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is

16   entitled to an injunction restraining Defendant, its partners, managers,

17   representatives, businesses, agents and employees, and all persons acting in concert

18   with Defendant, from engaging in further acts of trademark infringement.

19       39.    Plaintiff is further entitled to recover from Defendant its actual

20   damages sustained as a result of its wrongful acts.  Plaintiff is presently unable to

21   ascertain the full extent of the monetary damages it has suffered by reason of

22   Defendant's acts of trademark infringement.

23       40.    Plaintiff is further entitled to recover from Defendant the gains, profits

24   and advantages that Defendant has obtained as a result of its wrongful acts.

25   Plaintiff is presently unable to ascertain the full extent of the gains, profits and

26   advantages Defendant has realized by reason of its acts of trademark infringement.

27

28

LAW OFFICES OF
GEORGE A.
GALLEGOS

11

1       41.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is

2   entitled to an award of treble damages under 15 U.S.C. § 1117 and an award of

3   punitive damages under the common law.

4   **SECOND CLAIM FOR RELIEF**

5   **(False Designation Of Origin Against Defendant)**

6       42.    Plaintiff hereby incorporates by reference the statements and

7   allegations contained in paragraphs 1-41 as if fully stated herein.

8       43.    Defendant's actions constitute a false designation of origin in violation

9   of 15 U.S.C. § 1125(a).

10      44.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff

11  has suffered and continues to suffer damage to its business reputation and goodwill.

12  Defendant will continue, unless restrained, to use the La Casita Mexicana

13  Trademark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate

14  remedy at law and is entitled to an injunction restraining Defendant, its partners,

15  managers, representatives, businesses, agents and employees, and all persons acting

16  in concert with Defendant, from engaging in further acts of false designation of

17  origin.

18      45.    Plaintiff is further entitled to recover from Defendant its actual

19  damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently

20  unable to ascertain the full extent of the monetary damages it has suffered by reason

21  of Defendant's acts of false designation of origin.

22      46.    Plaintiff is further entitled to recover from Defendant the gains, profits

23  and advantages that Defendant has obtained as a result of its wrongful acts.

24  Plaintiff is presently unable to ascertain the extent of the gains, profits and

25  advantages Defendant has realized by reason of its acts of false designation of

26  origin.

27      47.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is

28  entitled to an award of treble damages pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Federal Dilution Against Defendant)

48.     Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1-47 as if fully stated herein.

49.     The La Casita Mexicana Trademark is inherently distinctive and has acquired distinction from other marks through Plaintiff's long, continuous, and exclusive use of the La Casita Mexicana Trademark.

50.     The La Casita Mexicana Trademark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127, and at a minimum, is famous within the restaurant industry.

51.     Defendant's activities complained of in this Complaint constitute unauthorized use in commerce of the La Casita Mexicana Trademark.  On information and belief, Defendant's activities were conducted with full recognition of Plaintiff's use of the La Casita Mexicana Trademark and commenced after the La Casita Mexicana Trademark had become famous.  Such activities have and will continue to cause dilution of the distinctive quality of the La Casita Mexicana Trademark by lessening its capacity to identify and distinguish Plaintiff's goods and services to the damage and harm of Plaintiff, its customers, and the public, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1).

52.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer dilution of the distinctive quality of its La Casita Mexicana Trademark.  Defendant will continue, unless restrained, to use the La Casita Mexicana Trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its partners, managers, representatives, businesses, agents and employees, and all persons acting in concert with Defendant, from engaging in further acts of dilution.

53.     Plaintiff is further entitled to recover from Defendant its actual damages as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of dilution.

54.     Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits and advantages Defendant has realized by reason of its willful acts of dilution.

55.     Plaintiff is informed and believes, and on that basis alleges, that Defendant committed the acts alleged above: (i) with previous knowledge of Plaintiff's prior use of the La Casita Mexicana Trademark; (ii) with the willful intent to trade on Plaintiff's goodwill and reputation; and (iii) with the willful intent to cause dilution of the La Casita Mexicana Trademark. As a result, Plaintiff has been damaged in an as yet unascertained amount. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117.

56.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (California Unfair Competition Against Defendant)

57.     Plaintiff hereby incorporates by reference the statements and allegations contained in paragraphs 1-56 as if fully stated herein.

58.     Defendant's actions constitute unfair competition under the statutory law of California, including Cal. Bus. & Prof. Code § 17200, *et seq*., and under the common law of the State of California.

59.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer damage to its business reputation and goodwill. Defendant will continue, unless restrained, to use the La Casita Mexicana

LAW OFFICES OF
GEORGE A.
GALLEGOS

14

1   Trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate

2   remedy at law and is entitled to an injunction restraining Defendant, its officers,

3   agents and employees, and all persons acting in concert with Defendant, from

4   engaging in further acts of unfair competition.

5        60.   Plaintiff is further entitled to recover from Defendant its actual

6   damages sustained as a result of Defendant's wrongful acts. Plaintiff is presently

7   unable to ascertain the full extent of the monetary damages it has suffered by reason

8   of Defendant's acts of unfair competition.

9        61.   Plaintiff is further entitled to recover from Defendant the gains, profits

10  and advantages that Defendant has obtained as a result of its wrongful acts.

11  Plaintiff is presently unable to ascertain the extent of the gains, profits and

12  advantages Defendant has realized by reason of its acts of unfair competition.

13       62.   Because of the willful nature of Defendant's wrongful acts, Plaintiff is

14  entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Injury To Business Reputation And Dilution Against Defendant)

17       63.   Plaintiff hereby incorporates by reference the statements and

18  allegations contained in paragraphs 1-62 as if fully stated herein.

19       64.   The use by Defendant of the La Casita Mexicana Trademark in

20  California dilutes the distinctive quality of the La Casita Mexicana Trademark,

21  reduces the value of Plaintiff's goodwill, and destroys the exclusive association by

22  the public of the trademark with Plaintiff. The acts of Defendant constitute injury

23  to business reputation and dilution of the distinctive quality of the La Casita

24  Mexicana Trademark within the meaning of Cal. Bus. & Prof. Code § 14330.

25       65.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff

26  has suffered and continues to suffer dilution of its trademark and damage to its

27  business reputation and goodwill in an amount subject to proof. Defendant will

28  continue, unless restrained, to use the La Casita Mexicana Trademark, and will

LAW OFFICES OF
GEORGE A.
GALLEGOS

15

1  cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and

2  is entitled to an injunction restraining Defendant, its officers, agents and employees,

3  and all persons acting in concert with Defendant, from engaging in further acts of

4  injury to business reputation and dilution of Plaintiff's trademark.

5  **PRAYER FOR RELIEF**

6  WHEREFORE, Plaintiff La Casita Mexicana, Inc. prays that this Court enter

7  judgment against Defendant as follows:

8  1.  Finding that Defendant has infringed Plaintiff's La Casita Mexicana

9  Trademark under the Lanham Act, Cal. Bus. & Prof. Code § 14335, and the

10  common law, has violated 15 U.S.C. § 1125(a), has unfairly competed with

11  Plaintiff by falsely designating the origin of its goods and services, has engaged in

12  other acts of unfair competition under Cal. Bus. & Prof. Code § 17200 and the

13  common law, and has diluted the distinctive quality of the La Casita Mexicana

14  Trademark;

15  2.  Ordering that Defendant and its partners, managers, representatives,

16  businesses, officers, agents, servants, employees, and attorneys and all persons in

17  active concert or participation with Defendant, or with any of the foregoing, be

18  enjoined preliminarily during the pendency of this action and permanently

19  thereafter from:

20  a.  Promoting, advertising, publicizing, offering for sale, or

21  operating any restaurant or catering services, or any other services or products

22  under the La Casita Mexicana Trademark, or any other mark, name, symbol, or

23  logo that incorporates or is confusingly similar or substantially similar to the La

24  Casita Mexicana Trademark;

25  b.  Promoting, advertising, publicizing, offering for sale, or

26  operating any restaurant or catering services, or any other services or products

27  under the La Casita Mexicana Trademark or any other mark, name, symbol, or logo

28  which is likely to cause confusion or to cause mistake or to deceive persons into the

1   erroneous belief that Defendant's services originate from Plaintiff, that Defendant

2   or its services are authorized by Plaintiff, endorsed by Plaintiff, sponsored or

3   licensed by Plaintiff, or connected in some way with Plaintiff or its trademark;

4           c.      Using false designations of origin or engaging in any act or

5   series of acts which, either alone or in combination, constitutes unfair methods of

6   competition with Plaintiff and from otherwise interfering with, or injuring the La

7   Casita Mexicana Trademark or the goodwill associated therewith;

8           d.      Engaging in any act which dilutes the distinctive quality of the

9   La Casita Mexicana Trademark and/or injures Plaintiff's business reputation;

10          e.      Representing or implying that Defendant is in any way

11   sponsored by, affiliated with, or endorsed or licensed by Plaintiff.

12       3.      Ordering that Plaintiff is the exclusive owner of the La Casita

13   Mexicana Trademark for use in restaurant and catering services, merchandise and

14   goods and services related thereto, and that said trademark is valid;

15       4.      Ordering that Defendant be required to deliver to Plaintiff for destruc-

16   tion all products, advertisements, promotional materials, business cards, stationery,

17   and promotional items which bear the La Casita Mexicana Trademark, or any other

18   trademarks, names, or logo that are confusingly similar or substantially similar to

19   the La Casita Mexicana Trademark;

20       5.      Granting an award of damages suffered by Plaintiff according to proof

21   at the time of trial herein;

22       6.      Ordering that Defendant account to Plaintiff for any and all profits

23   earned as a result of Defendant's aforesaid acts of infringement in violation of

24   Plaintiff's rights under the Lanham Act, Cal. Bus. & Prof. Code §§ 14335, 17200,

25   *et seq.*, the common law, and 17 U.S.C. § 501, *et seq.*;

26       7.      Granting an award of three times the amount of compensatory

27   damages and profits.

28

8. Granting an award of punitive damages for the willful and wanton nature of Defendant's aforesaid acts;

9. Granting an award of prejudgment interest.

10. Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees; and

11. Granting such other and further relief as is just and proper.

Respectfully submitted,

Law Offices of George A. Gallegos

Dated:    August 12, 2008          By: _____
                                   George A. Gallegos
                                   Attorneys for Plaintiff
                                   LA CASITA MEXICANA, INC.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of its claims in this action.

Respectfully submitted,

Law Offices of George A. Gallegos

Dated:    August 12, 2008          By: _____
                                   George A. Gallegos
                                   Attorneys for Plaintiff
                                   LA CASITA MEXICANA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV08- 5286 ODW (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

George A. Gallegos      (CA SBN 206606)
Law Offices of George A. Gallegos
328 S. Atlantic Blvd., Suite 100
Monterey Park, CA 91754
Tel: (626) 576-8988    Fax: (626) 576-7070
Attorney for La Casita Mexicana, Inc., Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CASITA MEXICANA, INC., a business entity **PLAINTIFF(S)** | CASE NUMBER |
| v.<br>NEREIDA MENDOZA, individually and d/b/a LA CASITA MEXICANA, and DOES 1-10, inclusive,<br><br>**DEFENDANT(S).** | **CV08-05286 ODW (CTx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): NEREIDA MENDOZA, individually and d/b/a LA CASITA MEXICANA

A lawsuit has been filed against you.

Within    20    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, George A. Gallegos _____, whose address is 328 S. Atlantic Blvd., Suite 100, Monterey Park, CA 91754 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **AUG 1 2 2008**

By: _____
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

File by Fax

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LA CASITA MEXICANA, INC., a business entity | NEREIDA MENDOZA, individually and d/b/a LA CASITA MEXICANA, and DOES 1-50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of George A. Gallegos   Tel: (626) 576-8988<br>328 S. Atlantic Blvd., Suite 100<br>Monterey Park, CA 91754 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1117, Trademark infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 370 Other Fraud | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV08-05286**

FOR OFFICE USE ONLY:___ Case Number: ___

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_   Date August 12, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |